The counsel for Holland presented the following petition for are-hearing.

Thu counsel for the appellee, feels so much aggrieved by the loss of the judgment on one and that scarcely noticed in the court below, or in this court, and one which they conceive untenable, that they apply for a re-hearing.
It is by no means conceded, that the issue is material: we have no doubt that if is immaterial: and that the do *24 ¡feeíive pleas are not cured by any replication, more than if the defendant bad alleged in Lis pleas, that he had taken the slave, and brought him from Africa to America, and the plaintiff had replied that he did not. Yon might find this issue any way, and still, from the record, the charge contained in the declaration, be as true as ever. Draw out the matter in simple propositions, and it will appear. The plaintiff says, the defendant took, and carried away, and converted his slave. The defendant says, that on a certain time, the slave was the property of D. C. Holland, and he took him and sold him. The plaintiff replies, that at that time, he was not the property of Holland. Now try this, find the slave on that occasion, to belong to Holland, and the charge that the defendant took the plaintiff’s slave, and carried him off, is as true as ever. It is a liberal curing of defective issues, to say that this issue can be made material. If it is immaterial, the appellant can complain of no error in the judgment, except such as would avail him, if the eause had been tried on a writ of inquiry.
If we understand the opinion of the court, it accordingly reverses the judgment for an excess of damages only. For although it is said in the opinion, that the evidence preponderates against the verdict; yet, in another part it is said, that the court will express no positive opinion, and indeed it ought not. For it cannot he denied, that there is evidence on both sides, and when there is, the jury ought to decide, especially, as the court who tried the cause, has approved the verdict.
But the ground on which the court has set aside the verdict is, because the damages are excessive, and the court admits it is no mot e than the price of the slave and his hire, till the rendition of the verdict, or probably till suit brought. It is the first instance, in the knowledge of the undersigned, where a court has attempted to fix a legal criterion in trespass, in a case of tort, where the jury, and not the court are the judges, and the first that has excluded a jury from damages, not only commensurate with the value, hut the use. of the thing carried away, If the trespass had been the taking of moneys, could the interest he excluded? If anj other commodity, whose use exceeds interest, is taken, cannot that use be allowed ? We must say this is a new precedent.
MILLS & BROWN, for Holland*
In trover, it is often said, that the value of tlie article commuted, is the criterion; but this is tobe understood that less is not to be given. A jury may give far For this court, in the case of Outen vs. Barnes, Littell’s Select Cases, 130, and authorities there cited, refused to restrain a jury in trover, to the value, even with its interest, and had the hogs then taken, been a subject that would have brought a sum of money by hire, beyond all doubt, the court would not have excluded the hire. The truth is, actions ex-conlmctu, have frequently their legal criterions, which belong to courts; but actions of tort, most generally, have no such criterion, and the sound discretion of a jury is their only limit, and courts control verdicts in such cases, where the jury have violently and extravagantly exceeded any certain estimation. In this base, the plaintiff might have brought trover, and in such case he would have waived the tortious fairing; but would at least, have been entitled to the value, and the reasonable use; or he might have brought detinue, in which case, he could not have recovered for the tortious taking, but could have recovered the thing, or its value, and the hire of it, till the rendering the verdict. Or he might have brought replevin, in which case, he would have recovered the thing, with damages for the tortious talcing alone, waiving the detention. But the action of trespass which he chose to bring, is the broadest, and covers the ground of all these; and includes the tortious taking,the value, and the detention. This, it is seriously contended, is the law, and a sound precedent, limiting the recovery to less, is challenged, and we trust that this will not be the first. If the verdict in this case, had exceeded the value, and the use, and all probable allowances for tor-tious taking, then there would have been some ground for charging the jury with passion and feeling; and with a verdict that would offend the moral sense of dispassionate men; but until this can be done, it is insisted that the province of the jury is infringed and curtailed by the decision of the court. We do conceive, that the decision will be a precedent, changing the law of ages, and that for this cause, it ought not to stand.
In trover, the criterion of damages in general, is the value of thing converted, at time of comer-cion.
Judgment in trover vests title to thing in defendant, from time of conversion.
In trover jury may give interest, on value of thing converted, from time of conversion.
Chief Justice RobertsqN
delivered the following opinion of the court, overruling the,petition. ,
V/n cannot consider the issue immaterial; and we deem it wholly unnecessary and unprofitable to argue such a matter. The fact in issue might have been proved under the general issue; and the special issue itself, is, in substance, good, if it be not, it is the fault chiefly, of the defendant in error.
Nor can we concur with the petition on the other point. We had supposed, that in trover,ihe proper criterion of damages (as a general rale) is the value of the thing converted, at the time of conversion. And if this be not the law, we confess that we liave yet to learn it. The conversion gives the cause of action* By the conversion, the owner is injured* The measure of the injury is what he lost by the conversion; and that is the value of the thing when it was converted* If he elect to bring trover, instead of detinue or replevin, he agrees to take that value* If he bring trover, he thereby agrees that the defendant, by the conversion, made the property bis own, and the judgment for damages, vests the title in the defendant by relation, to the time of conversion. If the owner desire to recover the specific property, and the. consequential intermediate value of its use,he must not sue in trover, if he elect to sue in a form of action, which concedes to the defendant, the property, he cannot be entitled to the value of the use of it by the 'defendant. The hire is incident to the thing. If the latter go to the defendant, so must the former, which is only its accessory.
If the slave, in this case, hud been a female, and had borne children, since her sale, and before the trial, could the defendant in error recover, not only her value, but that of her children, in an action for the conversion by the sale of her?
As the owner is entitled to the value at the time of conversion, be may recover legal iuterest on that value, if a jury will allow it. See Wilson and Conine, II Johnson’s Reports, 282; and Sanders vs. Vance VII Monroe, 214.
But the reason for this is, because the value is willu held. But these authorities, not only do not sanction a verdict for the use of the thing, but are irreconcilcable *27 with any'such assumption of right. They show that the value of the property when converted-, and not when the suit is brought, shall be the proper criterion, and that the value of the use of that amount, and- not the value of the use of the property itself, may be added to it.
Jn trespaS3 “smart mo-n.ey” may1,e Slvenl’y Jurv-
This seems to be the“neplus ultra? because, if there had been any trespass, it has been waived by bringing trover; and this has been, as we think, expressly and. recently decided by our predecessors. See Sanders vs, Vance.
When trespass is brought instead of trover, the same rule must necessarily apply, as to the value of the property, and of the use. The only difference between trespass and trover is, that in the former, damages, or in other words, “smart moneymay be also implied. But such damages may be excessive, 'When, as in this case, fliere was no intentional wrong, and the officer acted honestly, and has not been guilty of negligence; but little, if any smart money, should be given.
We consider the verdict of the jury as excessive, at “the first blush.'1'1 It is the result of mistake. The jury were evident^ induced to find the amount of the value and the hire, by the opinion of the court, as to the legal criterion. We have no right to presume that, as high a verdict would have been given, if improper testimony, used for an improper end, had not deceived the jury.
In such a case as this, the standard of right between the parties, is not so indeterminate as it is in slander, assault and battery, and other actions, for personal injuries; and therefore, the alleged analogy between such cases and this, fails.
We cannot fail to see that injustice has been done to the plaintiff in error; and we cannot look at the facts proved, and admit that the verdict and judgment must stand.
We feel no apprehension, that the opinion in this case, will establish a new or dangerous doctrine, or encroach on any principle of law or justice.

Petition overruled.